# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JUDY MARIE MCCREARY, | ) | |
| | ) | |
| Plaintiff, pro se, | ) | |
| v. | ) | |
| | ) | |
| VAUGHAN-BASSETT FURNITURE CO., INC., | ) | 1:05CV413 |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on motions to dismiss by Defendant Vaughan-Bassett Furniture Company and by its president and CEO John Bassett, III, for lack of personal jurisdiction due to insufficiency of service of process and for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(2), (5), and (6) (docket nos. 14, 16). Plaintiff has responded in opposition to the motions and the matter is ripe for disposition. Furthermore, the parties have not consented to the jurisdiction of the magistrate judge; therefore, the court must deal with the motions by way of recommendation. For the following reasons, it will be recommended that the court grant Vaughan-Bassett's motion to dismiss Plaintiff's age discrimination and § 1983 claims based on failure to state a claim. It will be further recommended that the court deny Vaughan-Bassett's motion to dismiss Plaintiff's Title VII claim

based on insufficient service of process. Finally, it will be recommended that the court grant the motion to dismiss by John Bassett, III, based on insufficient service of process.

**BACKGROUND**

Plaintiff was an employee of Defendant Vaughan-Bassett Furniture Company ("Vaughan-Bassett"), from August 19, 2004, until she fired on September 8, 2004. On November 26, 2004, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging that Defendant Vaughan-Bassett discriminated against her on the basis of sex and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. The EEOC issued a Dismissal and Notice of Rights to Plaintiff, which was allegedly received on or about February 16, 2005. Plaintiff filed this action on May 12, 2005. In her complaint, Plaintiff alleges that she was subjected to a hostile work environment of the basis of her sex and eventually discharged in violation of Title VII. Plaintiff also appears to allege age discrimination under the ADEA as well as a claim under 42 U.S.C. § 1983. The only named Defendant is Vaughan-Bassett, but in her allegations Plaintiff refers to John Bassett III, as a co-Defendant, and Plaintiff has attempted to effect service on both the Vaughan-Bassett company and on John Bassett, III, as an individual. Vaughan-Bassett has moved to dismiss Plaintiff's claims purportedly brought pursuant to § 1983 and the ADEA for failure to state a claim. Vaughan-Bassett has also moved for dismissal of all remaining claims

based on insufficient service of process. To the extent that he is even a Defendant in the case, John Bassett, III, has also moved to dismiss based on insufficient service of process.

**DISCUSSION**

Motion to Dismiss Based on Insufficient Service of Process Pursuant to Rule 12(b)(5)

The court first considers the motions for dismissal based on insufficient service of process brought by Vaughan-Bassett and John Bassett, III. A motion pursuant to Federal Rule of Civil Procedure 12(b)(5) is the appropriate means for challenging the sufficiency of service of process. *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996). The plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4. *Id.* Technical noncompliance with Rule 4 does not, however, always require dismissal. Courts have stated, for instance, that dismissal is not always mandated where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect in service. *See Karlsson v. Rabinowitz*, 318 F.2d 666, 668-69 (4th Cir. 1963); *Elkins v. Broome*, 213 F.R.D. 273 (M.D.N.C. 2003). Moreover, the court should allow a *pro se* litigant a certain amount of lenity that is not afforded to represented parties. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting

-3-

service of process may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984); *see also Tart v. Hudgins*, 58 F.R.D. 116, 117 (M.D.N.C. 1972) (observing that a liberal interpretation of process requirements "does not mean . . . that the provisions of the Rule may be ignored if the defendant receives actual notice").

Defendant Vaughan-Bassett Furniture Company, Inc. ("Vaughan-Bassett") is a Virginia corporation with a principal mailing address in Galax, Virginia. The North Carolina Secretary of State records show that Alec G. Biggs is designated as the registered agent for Defendant Vaughan-Bassett in North Carolina, with a registered mailing address of "E. Main St. Elkin NC 28621." John Bassett, III, is the president and CEO of Vaughan-Bassett. John Bassett lives in Roaring Gap, North Carolina, and he has not appointed or authorized anyone (in Elkin or anywhere else) to accept service on his behalf. *See* Bassett Aff. ¶¶ 2, 3.

Rule 4(m) of the Federal Rules of Civil Procedure provides that service of a summons and complaint must be made within 120 days of the filing of the complaint. If service is not completed within that time, and the plaintiff has not shown good cause why he or she failed to effect service, the district court "shall dismiss the action without prejudice . . . or direct that service be effected within a specific time." Fed. R. Civ. P. 4(m). Under Rule 4(h)(1), the proper methods of service on corporations are to either (1) "deliver a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by

-4-

appointment or by law to receive service of process," or (2) follow the state law rules for effecting service. FED. R. CIV. P. 4(h)(1). The North Carolina Rules of Civil Procedure provide that corporations should be served by delivering or mailing a copy of the summons and of the complaint to either "an officer, director, or managing agent of the corporation," someone who appears to be in charge of that person's office, or to the person authorized to accept service for the corporation.[1] N.C. R. CIV. P. 4(j)(6).

Rule 4(e) of the Federal Rules of Civil Procedure governs the service of process upon individuals in the United States and provides that service may be accomplished by either (1) delivering a copy of the summons and complaint to the defendant personally or to a person of suitable age and discretion then residing at the defendant's home or usual place of abode or (2) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(e). Rule 4(e) also provides that service of process may be accomplished pursuant to the law of the state in which the district court sits. *Id.* North Carolina's requirements for service of process are virtually identical for all practical purposes with the requirements of Rule 4. *See* N.C. R. Civ. P. 4(j)(1).

Here, Plaintiff attempted to serve Defendant Vaughan-Bassett by issuing a

---

[1] Mailing includes the use of registered or certified mail, return receipt requested, as well as the use of a designated delivery service to deliver the summons and complaint to the addressee.

summons addressed to the "Vaughn & Bassett Furniture Company, Elkin Division" through the U.S. Marshals Service on May 18, 2005. The summons directed the Marshal to serve summons at "501 E. Main Street, Elkin, NC 28621." On the same date, Plaintiff issued through the Marshals Service another summons which was addressed to "Vaughn & Bassett Furniture Company," to be served upon John D. Bassett, III, at the same address. The Marshal delivered both summonses to a post office box in Elkin rather than to the street address given by Plaintiff.

First, the court finds that although service was not properly effected as to Defendant Vaughan-Bassett, dismissal is not appropriate as to Vaughan-Bassett. Although Plaintiff did not identify a registered agent for Vaughan-Bassett in instructing the Marshal to serve the summons, she at least attempted to comply with Rule 4(j)(6) by instructing the Marshal to serve the summons at 501 E. Main St. Elkin NC 28621, which is even more specific than the corporation's registered mailing address of "E Main. St. Elkin NC 28621." Although the Marshal ultimately served the summons at a post office box, Plaintiff was entitled to rely on the Marshal to serve the summons at the address indicated on the summons. *See* 28 U.S.C. § 1915(c); *see also Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) ("[H]aving provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure."); *Sellers v.*

*United States*, 902 F.2d 598, 602 (7th Cir. 1990) (stating that the Marshal's failure to effect service of process for an in forma pauperis plaintiff is "automatically good cause" within Rule 4(j)). Furthermore, Vaughan-Bassett clearly received actual notice of the lawsuit. Based on the court's policy of liberally construing a *pro se* litigant's pleadings, it will be recommended that the court deny the motion to dismiss by Defendant Vaughan-Bassett based on insufficient service of process.

As to whether service was properly effected on John Bassett, the summons and complaint were neither personally served on Bassett, nor were they served on an appointed agent authorized to receive service of process. Plaintiff attempted to effect service on John Bassett in the same way that she attempted to effect service on Vaughan-Bassett–by directing the Marshal to deliver the summons and complaint to "501 E. Main St., Elkin, NC 28621." Bassett's home, however, is not in Elkin, and Bassett has not appointed or authorized anyone (in Elkin or anywhere else) to accept service on his behalf. *See* John Bassett Aff. Furthermore, the named Defendant in the summons was "Vaughn & Bassett Furniture Company." Thus, unlike Plaintiff's earnest attempt to serve process properly on Vaughan-Bassett in the manner prescribed by Rule 4(j)(6), it does not appear that Plaintiff made any attempt to serve John Bassett individually in the manner prescribed by Rule 4(e). It will therefore be recommended that the court dismiss any purported claims against John Bassett based on insufficient service of process. In any event, dismissal on the merits is proper as to John Bassett because as an individual he cannot be liable

under Title VII or the ADEA, *see Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 595 (M.D.N.C. 2005), and as the president and CEO of a purely private entity, Bassett is not a person acting "under color of state law" within the meaning of § 1983, *see Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc.*, 335 F. Supp. 2d 636, 648 (M.D.N.C. 2004). Thus, there is no need to give Plaintiff additional time to effect proper service on John Bassett.

Motion to Dismiss For Failure to State a Claim under Rule 12(b)(6)

The court next considers Vaughan-Bassett's motion to dismiss Plaintiff's age discrimination and § 1983 claims based on failure to state a claim. In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). Dismissal under 12(b)(6) is generally regarded as appropriate only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *McNair*, 95 F.3d at 328 (noting that the proper question is whether in the light most favorable to the plaintiff, the complaint states any valid claim for relief); *Food Lion*,

887 F. Supp. at 813. Stated differently, the issue is not whether the plaintiff will ultimately prevail on his claim, but whether he is entitled to offer evidence to support the claim. *See, e.g., Scheuer v. Rhodes*, 416 U.S. 232 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

Generally, the court looks only to the complaint itself to ascertain the propriety of a motion to dismiss. *See George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980). A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Bolding v. Holshouser*, 575 F.2d 461, 464 (4th Cir. 1978). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege any facts which set forth a claim. With these principles in mind, the court now turns to Plaintiff's claims.

Plaintiff's § 1983 Claim

In her complaint, Plaintiff purports to bring an action against Defendant Vaughan-Bassett through 42 U.S.C. § 1983 based on a vague allegation of a violation of her civil rights. Section 1983 states that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects . . . any citizen of the United States . . . to the deprivation of any rights . . . shall be liable to the party injured." 42 U.S.C. § 1983 (1979). As its plain language indicates, § 1983 applies only to persons acting under color of state law, and Plaintiff here does not (nor could she) allege that the

-9-

Defendant Vaughan-Bassett was acting under color of any state law when it allegedly violated her "civil rights." It is well settled that § 1983 does not address claims of discrimination brought against purely private individuals or entities not acting under color of state law. *Estate of Williams-Moore,* 335 F. Supp. 2d at 648. In any event, Plaintiff appears in her brief to disavow that she is bringing a § 1983 claim.[2] *See* Pl.'s Resp. to Def.'s Mot. to Dismiss at 2. Thus, it will be recommended that the court dismiss Plaintiff's § 1983 claim against Defendant Vaughan-Bassett.

Plaintiff's Age Discrimination Claim

As for any age discrimination claim that Plaintiff may have attempted to allege in the complaint, this claim should also be dismissed. "A plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). Therefore, Plaintiff is limited to claims that were raised in her EEO complaint or that would naturally arise from an investigation of the complaint. *Vester v. Henderson,* 178 F. Supp. 2d 594, 595 n.1 (M.D.N.C. 2001). It is well settled under the ADEA that a person complaining of age discrimination must file a charge of discrimination with the EEOC before filing an

---

[2] Furthermore, the court notes that there is technically no such thing as a "§ 1983 claim" since § 1983 is not in and of itself a cause of action. This is so because § 1983 itself creates no rights; rather, it provides a method for vindicating federal rights elsewhere conferred. Thus, to state a claim under § 1983, a plaintiff must allege the violation of a right preserved by another federal law or by the Constitution. *Kendall v. City of Chesapeake*, 174 F.3d 437, 440 (4th Cir. 1999). As the Supreme Court has observed, "one cannot go into court and claim a 'violation of § 1983'–for § 1983 by itself does not protect anyone against anything." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (quoting *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979)).

action in federal court. See *Lenhart v. General Elec. Co.*, 140 F. Supp. 2d 582 (W.D.N.C. 2001). Here, Plaintiff did not allege age discrimination in her EEO complaint. Accordingly, Plaintiff's allegations of age discrimination are outside the scope of the claims she made in her EEO complaint, and she has therefore not exhausted her administrative remedies as to this claim. See *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995). In any event, Plaintiff's complaint filed in this court contains no factual allegation of age discrimination and merely gives the statute citation. Most importantly, however, as with the § 1983 claim, Plaintiff has asserted in her brief opposing the motion to dismiss that she is not alleging age discrimination. Thus, it will be recommended that the court grant the motion to dismiss Plaintiff's age discrimination claim.

## **CONCLUSION**

For the reasons stated herein, it will be recommended that the court **GRANT** the motion to dismiss Plaintiff's age discrimination claim and her claim brought pursuant to 42 U.S.C. § 1983 based on failure to state a claim. It is further recommended that the court **GRANT** the motion to dismiss by John Bassett based on insufficient service of process and that the court **DENY** the motion to dismiss by Defendant Vaughan-Bassett based on insufficient service of process (docket nos.

-11-

14, 16). Thus, if this recommendation is adopted, the only remaining claim will be Plaintiff's Title VII claim against Defendant Vaughan-Bassett.

	_____
	WALLACE W. DIXON
	United States Magistrate Judge

Durham, NC
December 19, 2005

-12-